United States District Court
Southern District of Texas
**ENTERED**
December 08, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

RONALD JAMES HAMILTON, §
§
      Petitioner, §
§
VS. §   CIVIL ACTION NO. 4:15-CV-1996
§
BOBBY LUMPKIN, §
§
      Respondent. §

### <u>ORDER</u>

Texas death row inmate Ronald Hamilton filed a federal petition for a writ of habeas corpus in 2016. (Docket Entry No. 19). After returning to exhaust remedies in state court, Hamilton amended his federal petition. (Docket Entry No. 50). Hamilton now seeks an evidentiary hearing to develop the factual basis of two habeas claims, both of which the Texas courts dismissed as an abuse of the writ. (Docket Entry No. 52). Hamilton argues that the narrow exception to the procedural bar doctrine in *Martinez v. Ryan*, 566 U.S. 1 (2012), should allow full federal review of both otherwise-barred claims. Respondent Bobby Lumpkin provides several objections to an evidentiary hearing including that 28 U.S.C. § 2254(e)(2) precludes an evidentiary hearing because Hamilton did not diligently seek state court relief.

The Supreme Court has recently granted *certiorari* review in *Shinn v. Ramirez*, No. 20-1009, —— U.S. ——, 141 S. Ct. 2620 (2021), a case which will decide whether "application of the equitable rule this Court announced in *Martinez v. Ryan* render[s] 28 U.S.C. § 2254(e)(2) inapplicable to a federal court's merits review of a claim for habeas relief?" *Shinn v. Ramirez*, 2021 WL 294337, —— U.S. ——, —— S. Ct. —— (Jan. 20, 2021). The Court anticipates that the *Ramirez* case will provide guidance on whether an evidentiary hearing is available to Hamilton and to what extent this Court may use the facts developed in a hearing when adjudicating his

claims. The Court, therefore, **DENIES** Hamilton's motion for an evidentiary hearing **WITHOUT PREJUDICE**. Hamilton may file any renewed motion within **thirty days** of a decision in *Ramirez*. In doing so, the Court also directs Hamilton to discuss whether the Court could resolve the *Martinez* question in this case through affidavits or interrogatories in place of a full evidentiary hearing.

The Court *sua sponte* finds that it would be appropriate to stay consideration of this case until the Supreme Court resolves *Ramirez*. The Court, therefore, directs the Clerk to **STAY AND ADMINISTRATIVELY CLOSE** this case. Hamilton will file a motion to reopen this case either (1) in conjunction with his renewed motion for an evidentiary hearing or (2) within thirty days of any decision in *Ramirez*.

The Clerk will provide copies of this Order to the parties.

SIGNED on _____ **DEC 0 8 2021** _____ at Houston, Texas.

_____

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE